Good morning, Your Honor. Brian Michaels on behalf of Mr. Beasley with Co-Counsel Mary Ann Dugan. This case presents very little in the way of a conflict of any factual basis for why we're here. It's basically two separate issues at law. One is whether or not, under the Oregon Medical Marijuana Act, terms such as hash and hash oil fall into the definition of marijuana, which would make a cardholder under the Oregon Medical Marijuana Act exempt from Oregon law for manufacturing or possessing hash or hash oil. It's odd that, as you can tell from any of the briefs, nobody has cited a statute that actually mentions the word hash or hash oil. It's one of the oddities of marijuana law where this vernacular has come into our way of talking about things, but in reality, there is nothing that makes hash legal or nothing that makes hash illegal. It was defined under the term definition of marijuana as the resin. And in the section of the brief where we discussed the 479-475-0516, the definition of marijuana, and then you go back to the cases in the early 80s. That's not an issue in this case, is it? Well, in one sense it is, in the sense that the State has now agreed. And the State of Oregon, the State defendant, Oregon, has agreed that hash is legal under the Oregon Medical Marijuana Act. Right. However, the city defendant, although they relied on the State for advice in this case to determine what's legality originally, is continuing to indicate that they feel that hash is still illegal under the Medical Marijuana Act. Well, wouldn't they have qualified immunity? I mean, speaking of the individuals now, they relied on what the lawyer told them to do. Well, that's sort of ‑‑ but they are, like any other qualified immunity in making an arrest, they're required, or I should say they're assumed to know the law. I mean, they're assumed to know the law that they're arresting somebody for. And whether or not they actually know that law is irrelevant, and that's well-fettled law. They can have a distinction of fact, but not in law. A mistake of fact, rather. Let's stay with what you just said. Okay. They're assumed to know the law. What Federal law are they assumed to know? Oh, that's the second issue in this case, is whether or not when they go through a State magistrate, prosecute State law, and in fact, in this case, they actually referred to California law in their search warrant and not to Federal law. Can they, once they find out that they made a false arrest, that they obtained false search warrant, can they then say, well, we have an escape clause because it's illegal under the Federal system? We cited to a case $186,000 and $416, the United States versus ‑‑ Stay on that $186,000 case. Okay. And just hold on a second. I'm sorry? When was a $186,000 case decided by the Ninth Circuit? 2000 ‑‑ originally argued 2009, amended 2010. 2010. Stay with that. One more second. Okay. When was the search warrant issued and when did the search occur and when did the arrest occur? I'm anticipating where you're heading. No, no. Just tell me ‑‑ Okay. No. You're correct in that it preceded the decision in $186,000. By three years. Okay. So if $186,000 was not even in the gleam of an eye of the Ninth Circuit judge at the time that the act was committed, what is the clearly established Federal law which these defendants violated? Well, when you look at the qualified immunity to which your questions refer, refers to the actual search and arrest. So at the time of the search and arrest, they knew that State law was ‑‑ did not identify a crime. So they obtained a search warrant. I understand. I understand. What case ‑‑ pardon me. What case tells us that State officers, knowing they had no authority under State law to execute a search and seizure, violated a Federal law other than $186,000? Right. Well, if you look at Rosenbaum and you look at Devenpeck and you see that what they tried to say is, look, when an officer makes an arrest, yes, it's true. If there was another reason than the stated reason to arrest the person, then they have qualified immunity and the rest is lawful for 1983 purposes. But they, especially Rosenbaum, goes to great lengths to say, look, you can't just go scour the law books and look for something that a reasonable officer would not have thought at the time was a crime for this defendant or plaintiff as it were. Wouldn't a reasonable State officer have thought at the time in 2007 that it was illegal for a person to possess marijuana under the Federal law? If they ‑‑ if that's how they arrested him, yes. But that's not how they ‑‑ What you're saying is that proof of an actual subjective state of mind is what's important. If they were really not thinking about the Federal law, the fact that the Federal law was out there cannot be a crutch which they can use. I think that's correct. All right. I got you. And I also think it's correct that, yeah, a reasonable officer would not at that time have thought that they were arresting somebody for that. But there's a whole issue raised, and I know $186,000 came out afterwards, but when you identify and analyze Rule 41 in terms of a Federal warrant, what's questionable is whether or not they would have gotten a search warrant in State court had they raised Federal issues. They probably would not. And we wouldn't be here. If they asked the Court to arrest the ‑‑ to give permission to arrest under Federal law ‑‑ Why would they not have gotten the search warrant? Well, because a State ‑‑ unlike $186,000, which was a ‑‑ they could have gotten a Federal search warrant for. There was no way to get a Federal search warrant for this case. No, no, no. You said they couldn't ‑‑ they got a Federal ‑‑ They couldn't get a State search warrant either. You said they couldn't get a search warrant from the State court, Judge. Right. Why not? For Federal law. Why not? Because they just don't issue them. They tell people to go to ‑‑ And there's statutes in there that talk about that. What is your authority for that? Well, there's statutes in the Oregon statutes in the ‑‑ in our brief that discuss how the State actors and the State courts are dedicated and designed to enforce State and municipal laws. I'm not asking about dedication. I'm talking about, you know, authority, statutory authority. Well, let me say ‑‑ let me say this. I don't know of any State judge that issued a State search warrant in order to enforce a Federal law. I think if you want to ‑‑ You never applied for one? I'm not a district. I'm not an officer. So how do we cite you as authority on that? I understand. I understand. In that sense, I guess what you would have to say is, well, did they ‑‑ I do want to reserve some time. Neither of them, neither of the two defendants raised this either. Neither of the two ‑‑ what did you say? Neither of the two defendants? I thought there were a lot more than two defendants. Well, I call them the City defendants and the State defendants. All right. I'm sorry. But you're right. There are City actors and there are State actors underneath those two jurisdictions. But ‑‑ I'm sorry, my mouth is a little dry. But nobody has raised the fact that they could have gone to and raised Federal questions in that search warrant and said, hey, State judge, get me a warrant so I can enforce State marijuana laws. But the question is, if they could have, then is there a Federal violation? Because you're here not as a ‑‑ based on your State law claim, the court declined, district court declined to exercise supplemental jurisdiction. You're here on a 1983 action. Right. Where is the clearly established Federal law that's been violated? I mean, that's the question to take away. In much the same way they did in $186,000. But, well, actually, $186,000 is more complicated than that, because I don't want to eat the rest of your time, but that's too late for your purposes anyway. You need to find something clearly established at the time of the episode here, and I'm still waiting to figure out what that is. Well, when they went and searched and arrested them on solely a State issue, and they did not think in their minds as a reasonable officer that they were going to arrest this person for a Federal crime, they only thought about the State crime, and they're presumed to know the State law. Then they violated Fourth Amendment rights by telling a judge that they could search this house because it's a violation of State law. I know your theory. I'm waiting for the clearly established Federal law. What was it? In other words, he wants a case. Well, I was trying to talk about Rosenbaum and Davenport. Well, that's as close as it can come. Which is, you don't go scouring for things, and you have to have a subjective belief that there's a reason to. No, no, no. In Davenport, the Court said an arresting officer's state of mind is irrelevant to the existence of a Federal law. But what they said was, is that you can have a mistake of fact, but not a mistake of law. Now, you can look for other – shoot, I want to save some time. But you can look for other crimes that may have been in that activity that seemed criminal to the officer at the time. But you can't, like Rosenbaum said, you can't go scouring the books and looking for things that weren't – you weren't considering at the moment. And these – this search warrant was considered California law and didn't mention Federal law when they got the warrant. And one can easily infer from that that they – they may have thought California law was relevant, but they didn't think they could get a search warrant on Federal law, and that's why they didn't put it in there. And that's the clearly established law. They should have known that they shouldn't have told that judge that they can get a warrant to search their house based on State law. And I'm going to save the rest of my time. Okay. Before we start the clock, let me say we've got, I guess, two sets of parties on the side of Appellee's. The time allocated is the total time. Do you have an internal division as to how it's going to be? We do, Your Honor. Gerald Warren, on behalf of the city of Kaiser, and we're going to roughly split the time, but Mr. Thompson has indicated he doesn't care if I go over, so we'll roughly split the time. So the time shown will be the total time, and between the two of you, you'll figure out. Stop it when we switch, then. Okay. All right. Good morning, Your Honor. Again, Gerald Warren on behalf of the city of Kaiser defendants, and Judge Taschma, there indeed are more than one defendants. But the Court's questions lead directly into, of course, our points. This is a classic case for qualified immunity. The Oregon law itself, the first point that counsel raised about hash oils clearly illegal under Oregon law, I think the amount of time we have doesn't allow us to go through the intricacies of that, of the act, and how it's almost like the tax code, one part leads to the other. But as Judge Aiken said, in her opinion, in order to... Well, your co-counsel seemed to think it was pretty clear. I mean, he conceded it, didn't he? The state of Oregon has for the purposes of this case, they have. But the case that counsel cited in his brief, and apparently the state of Oregon relies upon, is a case that predated the Oregon Medical Marijuana Act. It was also a lower court. It is not the state of Oregon Supreme Court that held that for purposes of sentencing, marijuana was going to be considered as one substance. And so we would say that Judge Aiken was right. Mr. Warren, I'm from California. But we have a rule in California that says that an intermediate opinion of a court of appeal which has not been overruled or distinguished or invalidated by another opinion of the Supreme Court is a law of the state of California. Is that not the situation in Oregon? Well, I think that's correct, Your Honor, in the state of Oregon. But I'm saying for purposes of the Ninth Circuit determining whether that's indeed the case, if it isn't the highest court, I think it's just advisory to this court. And as far as the law enforcement is concerned, I don't think anybody knew until the state of Oregon took its position in this case that it was, hash was legal under the Oregon Medical Marijuana Act, that it was a legal substance. And indeed, prosecutors throughout the state, and I'll let Mr. Thompson address that, have been prosecuting. And I think it's only recently where the ---- So what point are you trying to make with this argument, that the state court was mistaken or that ---- No, Your Honor. Let me lead back into the key point, which is qualified immunity. The officer did exactly what this court and others have said law enforcement should do, which is if it's confusing, which the Oregon Medical Marijuana Act is, you seek legal counsel, seek guidance, which they did. They sought a search warrant. And so you consult with the prosecuting attorney. The prosecuting attorney says it's a crime. You get the search warrant. And the court says they agree that probable cause is present. And they executed the search warrant. Well, so one, your position is that despite this intermediate appellate court opinion, right, you're saying in spite of that, the law was not clearly established. That's correct. Right? I believe that's correct, yeah. And that's just from talking to prosecutors, because they have been prosecuting. And the two prosecutors in this case said they had prosecuted hashish oil possession because it's a controlled substance under Federal law. And the medical marijuana or the criminal laws of Oregon adopt the Federal Controlled Substances Act. The exception, the limited exception in the Medical Marijuana Act says that if it's nothing in this section, the OMMA shall protect the person from a criminal cause of action based on possession, production and delivery of marijuana that is not authorized by the OMMA. So this is specifically obvious. So your position comes down to something like this. Even though there's an appellate, state appellate court opinion that says, you know, it is marijuana, it should be classified as, you know, a marijuana substance, that's uncontradicted. And as Judge Baez says, Supreme Court hasn't, of Oregon, you know, hasn't overruled that. And in spite of that, because I guess it wasn't generally known, a reasonable officer is free to disregard prevailing law? Is that what it comes down to? Well, I think we would all like to believe that the officers read every case. But, of course, they don't, and they rely upon lawyers, which is what the officers did in this case, went to the prosecutor. And either they weren't familiar with the case or didn't believe that a 1981 case that dealt solely with sentencing, merging of sentencing for criminal purposes, they didn't apparently believe that that bound the criminal defendant in terms of being able to use hashish oil or produce or manufacture under Oregon law, under the Medical Marijuana Act. Well, but at the very least, let's see, your clients are the city employees, right? Or city officers. All right. So at the very least, you're saying they're entitled to rely on the, I'll call it the legal opinion of the prosecutor. Absolutely. And back to Judge B's point, I don't think it is a subjective test for qualified immunity. It's what a reasonable officer. And you have a case that supports that? In other words, that, you know, a police officer can rely on the prosecutor's legal opinion? Well, the cases that we cited in the brief, which is it's an evidence of good faith, it isn't in itself, doesn't necessarily show reasonableness, but it's evidence of good faith, which of course leads into the qualified immunity. Detective Lathrop here did everything that we would want the court to do to make sure he is making a good arrest, that there is probable cause, that this conduct does constitute a crime. Qualified immunity wouldn't extend to the city. What would be the city's defense? Well, in this case, they didn't establish a policy under Monell that there was actually they tried to say we prosecuted marijuana holders, and in fact, there was no evidence of that, and that's what the judge found, that there was no evidence of unlawful custom practice policy, so there's no Monell claim against the city. If there are no further questions, I'll turn it over to the State. Thank you. May it please the Court. I'm David Thompson, representing the prosecutors Evans and Suver. The prosecutors are liable in this case if, in fact, the officers violated the Fourth Amendment in what they did, going and getting a search warrant from a magistrate, going and doing the search, and then arresting the plaintiff after they had completed the search. If the officers did not violate the Fourth Amendment, then the prosecutors, even though, in our view, gave incorrect advice with respect to the State law, would not be liable under Section 1983 because there is no violation of the Fourth Amendment. Our position does differ from the city's with respect to how you read the State law, but that's not critical here. Devenbeck makes absolutely clear that the sole question is whether, as an objective matter, there was probable cause to believe that some criminal statute was violated by the plaintiff. Well, except that Devenbeck, if I recall it, you know, only had to do with the laws of the same jurisdiction, right? That's correct. So it's a little bit different, isn't it? It is a little bit different, Your Honor. I think the closest case to our situation from the Ninth Circuit, a post-Devenbeck case, is United States v. Lopez, where this Court, in deciding whether or not there was probable cause to arrest in that case, did look to both Federal law and State law to determine whether or not the officers in that case made an arrest with probable cause. This Court didn't seem to have any difficulty looking at two different jurisdictions, Federal and State, for purposes of deciding the probable cause question in the Lopez case. And I think that's the correct approach. For purposes of deciding whether there was probable cause to go get the warrant in this case and to arrest the plaintiff in this case, the only question is, was there any law, Federal or State, whereby, objectively, these officers had probable cause? They did. Kennedy, regardless that the affidavit made no reference to any Federal law. That's correct, Your Honor. And that apparently never was brought to the attention of the magistrate. That's exactly right. The only reference in the affidavit was to State law. Well, suppose that the request was to arrest, not for a drug violation, but for an immigration violation. Would that make a difference? I mean, isn't there a certain amount of Federal preemption involved here which disables the State police officers from making arrests? I don't think so, Your Honor. It's sort of a two-part answer that I'm going to give you. First of all, the Oregon Supreme Court recently, in the Willis case, said that State officers are authorized to enforce Federal law. So that's the Willis case from 2011. The question then is, could a State police officer walk into State court and ask a State magistrate to issue a search warrant based on a perceived violation of Federal law? I say yes. There is nothing in Oregon statutory law or case law that would preclude an officer from doing just that. Your friend tells us that that's not done as a practice in Oregon. It may not be a common practice, and I haven't scoured the books to see whether or not it's ever been done. But I have looked at the statutory scheme in Oregon, and I have looked at the case law, and there is nothing on the books that would prevent a State officer from going to a State magistrate and saying to the State magistrate, I have probable cause to believe that that person has violated Federal law, and I'm here applying for a search warrant. I want to go into his house and I want to search for drugs because I believe there's a violation of Federal law. And there's nothing that I see in any Oregon law, statutory or case law, that would prevent the officer from doing that. So I simply disagree with the plaintiff's position about what common practice would be. The question is, what does the law authorize? And State law would certainly authorize a State officer to go in and do just what I said. So in sum, this case reduces to the question about whether this Court, as did the district court, can look to Federal law for purposes of the probable cause determination. I don't see anything in the lineup of United States Supreme Court cases or cases from this Court that say you cannot look ever to Federal law if, in fact, the State officer did not have that in mind when he or she acted. And, again, the Lopez case, I think, is the best case for our position on that very point. Kennedy, but Lopez doesn't say that, you know, in so many words, right? It doesn't, Your Honor. I would agree with you, but it's clear from the context of the discussion in Lopez that this Court, I think, correctly looked to the landscape of potential criminal violations for which there might have been probable cause. That included both Federal and State law. And if the Court doesn't have further questions, thank you. Roberts. Thank you. Rebuttal. Thank you, Your Honor. First, I want to address $186,000 because, as we searched during the defendant's oral argument, it seems that a quote from $186,000 is, quote, The search was illegal because it violated, in this case, UMCC's Fourth Amendment right against unreasonable searches and seizures in light of the absence of probable cause under State law. And then the Court cited to a 1990 case, which is Piver, which is 899 F. 2nd. 881. And at 882, it held that State warrants must adhere to Federal constitutional standards. So although $186,000 may have come out after this arrest, it cited two cases prior to this arrest in order to support its ultimate conclusion. Do you know anything about what Piver says other than what you just read to us? No. Okay. But I do know there is a Henry v. County of Shasta, 132 F. 3rd, 512, which is a Ninth Circuit 1997 case, citing Loda, which is a 9th Circuit 1993 case, officers violate a suspect's Fourth Amendment rights when they take him into custodial arrest without State law authority. And then there's Byer, B-E-I-E-R v. City of Lewiston, a mistake about the law cannot justify a stop, let alone an arrest under the Fourth Amendment. So I think there is sufficient notice to these defendants prior to the arrest of Mr. Beasley to inform them that they did not have authority to arrest him or search his house. In those cases that you cited, was there also a Federal basis for the arrest by the officers? Not that we cited in the cases. That's correct. But, you know, if you leave this as an escape clause, you really subject all 60,000 medical marijuana cardholders to no accountability when they are falsely arrested and when their homes are falsely searched. They're all subject to being arrested or searched for Federal violations, isn't that correct? For Federal violations. But now the State that's supposed to uphold the law that they've followed. So why is that a Federal claim? You may have a beef. The State law claims may be worth pursuing. But I'm puzzled as to why something that isn't unlawful under Federal law should become a 1983 action as opposed to a State law action. Because if they properly told the judge that this is not a State law violation and they knew that it was not a State law, then they would not have searched that house and they would not have arrested Mr. Beasley. So why does that become a Federal cause of action? If your complaint is entirely under State law, why isn't something the State of Oregon can take care of? Well, because I think when you're arrested under State law and you're falsely arrested under State law, that's a 1983 violation. And when you're falsely searched under State law, that's a 1983 violation. The fact that they can have some escape clause that says, well, it also happens to be a violation of Federal law, gives them sort of free reign to go and arrest people for which they will never be prosecuted. Well, presumably the State of Oregon can deal with that. If the State of Oregon wants to make some territory off limits, then the State of Oregon can do whatever it needs to do to make sure its authorities, law enforcement authorities, follow that. Why is that a problem with the Federal courts, where the search wouldn't have been unlawful, where the arrest wouldn't have been unlawful? Well, because it didn't go through Federal courts, it didn't go through Federal prosecutors. You brought it here. You can answer my question. Why does it become a Federal cause of action if your premise is entirely based on something that Oregon has done that the Federal government has not done in legalizing medical marijuana? Why is there a Federal cause of action now? The Federal cause of action, and again, repetition means maybe I'm not being persuasive, but they told a judge that this was a violation of State law and that's how they got their warrant. It's not a violation of State law. They illegally searched this man's property. They illegally arrested him. And that false search and that false arrest falls under 1983, action for a violation of his Fourth Amendment rights. We thank you for the argument. Thank you. The case just argued is submitted.
judges: Tashima, Clifton, Bea